UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL THOMAS, | Case No. 16-10811 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| CITY OF FERNDALE, ET AL., | U.S. MAGISTRATE JUDGE |
| Defendants. | STEPHANIE DAWKINS DAVIS |

**ORDER GRANTING PLAINTIFF'S REQUEST TO REOPEN CASE [48]; REOPENING THE CASE; GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT [54]; DISMISSING DEFENDANTS FERNDALE POLICE DEPARTMENT, OFFICER SCHWARTZ, DETECTIVE WILSON, AND DAN CHRIST; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM;**

*Pro se* Plaintiff Randall Thomas filed a Complaint [Dkt. #1] on March 6, 2016 against multiple defendants, including, among others, the City of Ferndale, the Ferndale Police Department, and individual Ferndale police officers.[1] Plaintiff states that this action is brought pursuant to the Americans with Disabilities Act ("ADA"), the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), and the Michigan Elliot-Larsen Civil Rights Act. However, it appears that this action is better construed as one for money damages pursuant to 42 U.S.C. § 1983, as Plaintiff brings claims for excessive force, intentional infliction of emotional distress, and

---

[1] Plaintiff also named as defendants the Ferndale City Manager; Linda Carroll (misspelled as "Lenda Corroll"), a court administrator in Michigan's 43rd District Court; and Dan Christ, a Ferndale City attorney.

discrimination on the basis of race, gender, class, and marital status, and seeks $1,000,000.00 in damages. (Compl. at Pg. ID 26).

Defendants filed a Motion for Partial Dismissal [17] on July 27, 2016. Because this case has been administratively closed since February 28, 2017, this motion has not been briefed and the case has not proceeded.

For the reasons discussed below, the Court will **GRANT** Plaintiff's Request to Reopen the Case [48]. Plaintiff's Motion to Amend/Correct [54] is **GRANTED**. Defendants Ferndale Police Department, Officer Schwartz, Detective Wilson, and Dan Christ are **DISMISSED**. Plaintiff is also directed to **SHOW CAUSE** why the case should not be dismissed against Defendants the City of Ferndale, City Manager, Linda Carroll, Timothy Collins, Lieutenant Whiting, Tamika Brooks, and Officer Pearce for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

Because Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff's "well-pleaded material allegations . . . must be taken as true." *Tucker v. Middleburg Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008) (internal citations and quotations omitted)

The actions underlying this lawsuit appear to stem from events that occurred in or around March 2013 and February 2014 at the Ferndale Police Department at 310 East Nine Mile Road. Plaintiff would often pick up and drop off his son at that location, where Sherry Richardson, the son's mother, worked. Plaintiff claims that on

these occasions, he tried to file complaints, but the department failed to accommodate his disability. Plaintiff further alleges that the department sent plainclothes officers to follow him with guns to intimidate him and discourage him from exercising his rights. He maintains that the department failed to intervene when Richardson assaulted him or to arrest Richardson for the assault, and even destroyed a videotape of the assault. Plaintiff also claims that Defendant Officer Pearce hit him in the head without provocation, referred to him using profane language, and threatened to kill him. He also contends that the department refused to issue a missing child report on his behalf and entrapped and arrested him in connection with meeting a detective about his child being missing.

     Plaintiff alleges that the department arrested him on various charges without a valid basis. On one occasion in March 2013, the department allegedly sent several officers, along with officers from the Pleasant Ridge Police Department, to arrest Plaintiff at his son's school on false charges of assault or disorderly conduct. Plaintiff submits that Defendant Lieutenant Whiting physically attacked him during his booking for this incident, in view of other officers who did not intervene. Plaintiff claims the attack was videotaped and that the department refused to produce the video in response to his FOIA request. The department produced a video in response to a request by the Michigan Civil Rights Commission, which was investigating a complaint by Plaintiff. However, Plaintiff claims the department altered the video before producing it to the Commission.

Plaintiff accuses Defendants Dan Christ (Ferndale city attorney) and Linda Carroll (a court administrator in Michigan's 43rd District Court) of aiding and abetting the Ferndale police department's corruption of justice in a case before Judge Joseph Longo (misspelled "Lango"). His allegations regarding the case are unclear. It seems that during a court proceeding on or around February 2014, Ms. Carroll hit a security alarm, and Ferndale police officers allegedly responded by surrounding Plaintiff. Plaintiff went to the department to make a written complaint. Carroll was there and attempted to dissuade him. Plaintiff made his complaint verbally to Defendant Timothy Collins, the chief of the department, who responded that the officers did well to surround him. Carroll then revealed to Plaintiff that she had hit the security alarm.

**LEGAL STANDARD**

A motion for judgment on the pleadings "may be granted only if the moving party is [ ] clearly entitled to judgment." *Tucker,* 539 F.3d at 549. To establish entitlement to relief, Plaintiff must do more than set forth "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). Plaintiff's factual allegations must provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover,

"[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

**ANALYSIS**

Although a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994), the Court has the authority to *sua sponte* dismiss complaints filed without prepayment of fees that fail to state a claim on which relief can be granted. *See Irby v. Enter. Rentals*, No. 10-11712, 2010 WL 1751831, at *1 (E.D. Mich. Apr. 30, 2010); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); 28 U.S.C. § 1915(e)(2)(B)(ii).

As mentioned previously, the Court presumes that Plaintiff is attempting to state a claim under 42 U.S.C. § 1983, given Plaintiff's representation that

> The acts complained of in the suit violate Federal Laws regarding race[,] gender, disability, excessive force, police brutality, retaliation, harassment, intimidation, racketeering, oppression, malicious prosecution, failure to protect, lying under oath, perjury, fraud, and bribery, jury tampering [sic].

(Compl. Pg. ID 6).

Plaintiff also brings a state law claim of intentional infliction of emotional distress, although it is unclear against whom this particular claim is brought. *Id.* at Pg. ID 14. The Court will exercise its supplemental jurisdiction over this state law claim because it is "so related to" the federal claims such "that they form part of the same

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

To state a § 1983 claim, Plaintiff must "establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). To establish a prima facie case of intentional infliction of emotional distress, Plaintiff must provide evidence of "(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v. Taylor*, 263 Mich. App. 618, 634 (2004).

### A. The City of Ferndale

#### 1. Federal claims

It is well established that "[a] municipality cannot be liable under § 1983 absent an underlying constitutional violation by its officers." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004); *see also Peterson v. Clanton*, No. 16-10353, 2017 WL 3392901, at *8 (E.D. Mich. Apr. 24, 2017), *report and recommendation adopted*, 2017 WL 3386387 (E.D. Mich. Aug. 7, 2017) (a municipality "may not be held vicariously liable for the actions of its employees under § 1983."). A municipality is liable under § 1983 if Plaintiff can show that his civil rights have been violated through that municipality's custom or policy. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). "[I]t is necessary that in addition to allegations concerning a single incident involving the plaintiff, the plaintiff must plead some facts which

indicate the particular manner in which the government entity adopted an impermissible policy." *Fecteau v. Unknown Officers and Agents of Clinton Tp.*, 596 F.Supp. 580, 583 (E.D. Mich. 1984).

Plaintiff has failed to allege that the actions of the individual police officers and/or the police chief were carried out as part of a municipal policy or official custom.

2. **State law claims**

It is Defendants' position that the City of Ferndale is immune from Plaintiff's state law claims pursuant to Michigan's Government Tort Liability Act, MCL. 691.1407(1), which provides: "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." The Act defines a "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(f). This includes, "[t]he authority of the city's police officers to 'pursue, arrest and detain' those suspected of violating the laws of Michigan." *Payton v. City of Detroit*, 211 Mich. App. 375, 392 (1995).

Plaintiff bears the burden of setting forth evidence that governmental immunity does not exist. This means that Plaintiff must "show that a statutory exception applies or that the challenged conduct took place in connection with a nongovernmental function." *Peterson*, 2017 WL 3392901, at *7. Plaintiff has not done so here.

### B. Ferndale Police Department

The City of Ferndale Police Department is entitled to dismissal because a city police department is not a legal entity against whom a § 1983 suit can be directed. *Michonski v. City of Detroit*, 162 Mich. App. 485, 490 (1987). In Michigan, a municipal police department cannot be sued independently because it is a creature of the municipality. *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest."); *see also Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). Therefore, the Ferndale Police Department is **DISMISSED** from this action.

### C. City Manager

Plaintiff sues the unnamed Ferndale City Manager in her individual and official capacities. As far as the Court can discern, Plaintiff alleges that he filed and/or attempted to file complaints with the City Manager, and that the City Manager refused to provide "reasonable accommodation[s] for Plaintiff's disability." (Compl. at Pg. ID 8). This vague, conclusory assertion is insufficient to state a claim and does not demonstrate how the Ferndale City Manager, acting under color of Michigan state law, deprived Plaintiff of a constitutional right.

**D. Linda Carroll**

Plaintiff alleges that during a court proceeding on or around February 2014, Linda Carroll, an administrative staff person with the 43rd district court in Ferndale, triggered a security alarm, and Ferndale police officers responded by surrounding Plaintiff. Plaintiff also claims that Carroll attempted to dissuade him from filing a written complaint. Again, Plaintiff has neither stated a claim under § 1983 nor alleged how Carroll, acting under color of Michigan state law, deprived him of a constitutional right.

**E. Timothy Collins**

Plaintiff states that "Ferndale withheld the video tape of the police brutality of the phone conversation between the defendants [sic] police chief Timothy Collins and Plaintiff." (Compl. Pg. ID 5). He further claims that Collins "ran a criminal operation based on race, extortion, violation of plaintiff's rights to a fair trial, fair legal representation [sic]." *Id.* at Pg. ID 6. He asserts that Collins perjured himself when Collins testified during Plaintiff's case in Family Court, and that "[t]his was done . . . to directly influence the oppression, racism, white supremacy, extortion, corruption, genocide, racketeering by Defendants [sic]." *Id.* at Pg. ID 11-12.

Defendants argue that Collins is entitled to absolute immunity. In Michigan, where "the highest appointive executive official acts within the authority vested in the official by virtue of his or her executive position . . . that official is entitled to absolute immunity as a matter of law." *Petipren v. Jaskowski*, 494 Mich. 190, 215 (2013); *see*

*also* MCL 691.1407(5) (the "highest appointed executive official . . . [is] immune from tort liability for injuries to persons or damages to property."). Michigan state courts have repeatedly held that the chief of police qualifies as such an official. *See, e.g.*, *id.*; *Meadows v. Detroit*, 164 Mich. App. 418, 427 (1987).

Plaintiff has alleged no facts that, if proved, would overcome Collins' asserted absolute immunity defense. *See Spurlock v. Satterfield*, 167 F.3d 995, 1000 (6th Cir. 1999).

### F. Lieutenant Whiting

Plaintiff appears to allege that Lieutenant Whiting assaulted him and used unlawful excessive force against him. (Compl. at Pg. ID 13). Plaintiff submits that Lieutenant Whiting kicked the back of Plaintiff's head, elbowed Plaintiff, and struck Plaintiff with his knee. Defendants assert that Plaintiff's claims are time barred.

In Michigan, "[a] person shall not bring or maintain an action to recover damages for injuries to person or property unless, after the claim first accrued to the plaintiff . . . the action is commenced within" the applicable limitations period. MCL 600.5805(1). The period of limitations for an action charging assault and/or battery is two years. MCL 600.5805(2). Although Plaintiff submits that the alleged incident occurred on March 7 or 8, 2013, he did not file this lawsuit until March 7, 2016. Unless Plaintiff can provide the Court with a viable basis for extending an exception to the statute of limitations, his claim of assault is time barred.

As to Plaintiff's excessive force claim, because Congress did not adopt a statute of limitations governing § 1983 actions, the Court must "borrow [Michigan's] statute of limitations governing personal injury actions." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). The statute of limitations that is used for § 1983 actions arising in Michigan is the three-year limitations period for personal injury claims. *Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (citing MCL 600.5805(10)); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004).

Plaintiff is ordered to show cause why these claims are not time barred. In addition, Plaintiff's complaint lacks any intelligible factual background or context. Plaintiff must set forth facts that permit the Court to draw the reasonable inference that Lieutenant Whiting is liable for the misconduct alleged.

### G. Tamika Brooks

Plaintiff sues Tamika Brooks in her individual and official capacities. Plaintiff claims that Brooks improperly denied his access to a video recording of an alleged assault that took place on March 7 or 8, 2013. He asserts that Brooks violated the Freedom of Information Act ("FOIA") and that she assisted the other defendants in obtaining Plaintiff's unconstitutional conviction.

#### 1. FOIA

It is unclear from the complaint whether Plaintiff pursued his FOIA action in a Michigan Circuit Court. Plaintiff does not plead that he filed the FOIA claim in the

proper venue within the timeframe set forth by the statute. *See* M.C.L. 15.240(1)(b). In addition, Tamika Brooks is not a public body as contemplated by FOIA.

### 2. Unconstitutional conviction

Plaintiff also seems to claim that Brooks assisted the other defendants in gaining his unconstitutional conviction "and loss of rights for plaintiff in his custody case." (Compl. at Pg. ID 14). First, there is no basis for the Court to conclude that Defendant Brooks engaged in any kind of wrongful conduct. In addition, it is well established that

> To recover damages for allegedly unconstitutional conviction . . . or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff has not alleged facts to show that his conviction has been invalidated as described above, and therefore, his claim for damages "is not cognizable under § 1983." *Id.* at 487.

### H. Officer Pearce

Plaintiff contends that Officer Pearce referred to him using a profane word after Plaintiff attempted to file a complaint. (Compl. Pg. ID 7). Plaintiff also claims that Officer Pearce hit him on the back of the head at Ferndale City Hall in February 2014. *Id.* at Pg. ID 23.

As discussed above, pursuant to MCL 600.5805(2), the period of limitations for an action charging assault and/or battery is two years. Although Plaintiff submits that the various alleged incidents occurred on March 7 or 8, 2013 and sometime in February 2014, he did not file this lawsuit until March 7, 2016. Accordingly, unless he can establish a valid exception to the statute of limitations, his claims are time barred because more than two years have elapsed since either of these alleged incidents.

### I. Officer Schwartz and Detective Wilson

Plaintiff's complaint contains no allegations or facts that pertain to Officer Schwartz or Detective William Wilson. They are hereby **DISMISSED** from this lawsuit.

### J. Dan Christ

Plaintiff states that Dan Christ dismissed some of his felony and misdemeanor charges and that he "aided and abetted the racism, oppression[,] [and] lack of due process." (Compl. at Pg. ID 16). Plaintiff also contends that Christ maliciously prosecuted him. *Id.*

Defendant again contends that Christ is entitled to absolute immunity from Plaintiff's federal and state law claims. Government officers are "entitled to absolute immunity for performing functions 'intimately associated with the judicial phase of the criminal process.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The Michigan Court of Appeals has repeatedly applied the doctrine of absolute immunity in lawsuits against county

prosecutors. *See Bischoff v. Calhoun County Prosecutor*, 173 Mich.App. 802, 806 (1988); *Genesee Prosecutor v. Genesee Circuit Judge*, 386 Mich. 672, 683 (1972).

Plaintiff's complaint contains only "conclusory allegations of unconstitutional conduct" by Christ. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). He has not pled with any degree of specificity, nor has he set forth any factual basis for his claims. Defendant Christ is **DISMISSED** from this lawsuit.

### CONCLUSION

Plaintiff's complaint largely fails to plead facts sufficient to show that a legal wrong has been committed for which the Court may grant Plaintiff relief. *See Dekoven v. Bell*, 140 F.Supp. 2d 748, 755 (E.D. Mich. 2001). This case is now over a year old and the parties have indicated they are ready to proceed. Accordingly,

**IT IS ORDERED** that Plaintiff's Request to Reopen Case [48] and Motion to Amend/Correct [54] are **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REOPENED.**

**IT IS FURTHER ORDERED** that Defendants Ferndale Police Department, Officer Schwartz, Detective Wilson, and Dan Christ are **DISMISSED** from this lawsuit.

**IT IS FURTHER ORDERED** that Plaintiff must show cause as to why the Court should not *sua sponte* dismiss the complaint for failure to state a claim upon which relief can be granted against the remaining defendants (City of Ferndale, City Manager, Linda Carroll, Timothy Collins, Lieutenant Whiting, Tamika Brooks, and

Officer Pearce). Plaintiff's response must be filed on or before **Monday, November 13, 2017**. The response shall identify how Plaintiff will amend his complaint so as to state a viable claim against the defendants listed above and show cause as to why this Court should not dismiss all of Plaintiff's remaining claims.

    **SO ORDERED**.

Dated: October 18, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge